RECEIVED
OCT 1 3 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LAUREN SHEA HUDSON | CIVIL ACTION NO. 6:15-CV-1204 |
| v. | JUDGE DOHERTY |
| PRUDENTIAL INSURANCE CO OF AMERICA | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for partial summary judgment [Doc. 11], filed by defendant Prudential Insurance Company of America ("Prudential"). Pursuant to its motion, Prudential seeks a ruling that the ERISA plan at issue in this dispute vests Prudential with discretionary authority to determine plaintiff's eligibility for long term disability benefits and to construe the terms of the plan. Plaintiff Lauren Shea Hudson opposes the motion, contending the plan does not grant such authority to Prudential. [Doc. 17-2, p. 3] For the following reasons, the motion for summary judgment [Doc. 11] is GRANTED.

I.  **Background**

This instant lawsuit arises out of a dispute over plaintiff's entitlement to long term disability benefits. Plaintiff was formerly employed by the Hospital Corporation of America ("HCA") as a registered nurse. By virtue of her employment, plaintiff participated in the HCA Health and Welfare Benefits Plan (the "Plan") which provided, among other benefits, long term disability benefits. Plaintiff alleges she became eligible for long term disability benefits "when she was rendered unable

Page 1 of 8

to work as a result of injuries she received on or about June 1, 2013. . . ." [Doc. 1, ¶ 5] Plaintiff filed a claim for long term disability benefits pursuant to the Plan, but her claim was denied. Thereafter, plaintiff filed this suit to recover benefits to which she alleges she is entitled under the Plan.

The parties have stipulated that "ERISA governs the employee benefit Plan at issue in this case." [Doc. 7] Thus, the sole question before the Court at this time is whether the Plan grants Prudential discretionary authority to determine eligibility for long term disability benefits and to construe the terms of the plan in the process of deciding claims for such benefits. Prudential contends the Plan does grant it such discretionary authority; plaintiff contends it does not.

## II. Applicable Law

### A. Summary Judgment Standard

"Standard summary judgment rules control in ERISA cases." *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 225 (5th Cir. 2004). "A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed.R.Civ.P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is "material" if it "might affect the outcome of the suit under the governing law" of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994)(internal citations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001).

### B. ERISA

"The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008)(citing 29 U.S.C. § 1132(a)(1)(B)). If an ERISA plan

grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms, a decision to deny benefits is reviewed for abuse of discretion. *Green v. Life Ins. Co. of North America*, 754 F.3d 324, 329 (5th Cir. 2014); *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 269, n. 15 (5th Cir. 2004). If there is no such grant of discretion, the decision is reviewed *de novo*. *Green* at 329. "However, with or without a discretion clause, a district court rejects an administrator's factual determinations in the course of a benefits review only upon the showing of an abuse of discretion." *Id.* (internal quotation marks omitted).

### III. Analysis

Plaintiff urges this Court to apply a *de novo* standard of review, arguing the Plan documents do not expressly grant discretionary authority to Prudential to determine eligibility for benefits or to construe the terms of the Plan. Contrarily, Prudential contends the "Plan documents explicitly and unambiguously grant Prudential discretionary authority to determine eligibility for benefits and to construe terms of the Plan." [Doc. 11-1, p. 3]

The Court finds in this matter it is abundantly clear Prudential was granted discretionary authority to determine benefit eligibility and to construe the terms of the Plan. The Plan defines "Claims Fiduciary" as:

> [A]n individual or entity . . . to have *final discretionary authority to interpret the terms of the Plan and decide questions of fact*, as necessary to make a determination as to whether the Claims presented to the Claims Fiduciary are payable, in whole or in part, in accordance with the terms of the Plan. For the insured Benefit Programs[1], *the insurance company is the Claims Fiduciary and "named fiduciary."*[2]

---

[1] Appendix D to the Plan specifically denotes the long term disability plan as an insured benefit program. [Doc. 6-1, p. 54; *accord* Doc. 6-7, p. 166]

[2] *See also* Summary Plan Description [Doc. 6-7, p. 173 ("For fully-insured benefits, such as . . . Long-Term Disability . . . coverage, the insurance carrier is the fiduciary and determines all claim

[Doc. 6-1, pp. 8-9 (emphasis added)]

The Plan specifically incorporates the Summary Plan Description ("SPD") and the group contract of insurance between HCA and Prudential ("Group Contract") into the Plan.[3] As such, reference to the SPD and the Group Contract is appropriate. The Summary Plan Description provides, "All claims and appeals are handled by Prudential. *Prudential has absolute discretion in deciding claims and appeals.* HCA does not decide claims or appeals."[4] [Doc. 6-7, p. 107 (emphasis added)] The Group Contract provides, "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." [Doc. 6-14, p. 42]

Despite the foregoing provisions, plaintiff contends the Plan does not grant Prudential with discretionary authority. [Doc. 17-2, p. 3] In support of her argument, plaintiff relies upon section

---

issues.")]

[3]*See* Doc. 6-1, p. 6, § D ("The Plan document is comprised of this Plan document and, with respect to each benefit program included within the Plan, the summary plan description(s) applicable to that benefit program"); *Id.* at p. 14, § 2.4(a) ("For each insured Benefit Program, the Insurance Contract for that Benefit Program serves as the official Plan document").

[4]Within the "Administrative Information" section of the SPD packet (applicable to all benefit programs), the subsection entitled "Claims and Appeals" provides:

> For insured benefits (Vision, Life Insurance, AD&D, Long-Term Disability), HMOs and the Dental HMO, all claim decisions are made by the insurance carrier or HMO. No claim decisions are made by HCA. Furthermore, *HCA has delegated all authority to interpret and apply contract terms, claims decisions and appeal processes to the insurance carrier*, HMO or Dental HMO.

[Doc. 6-7, p. 166 (emphasis added); *see also id.* at 180-81("For the insured benefit options . . ., the Plan Administrator has delegated its fiduciary duties to interpret the insurance contracts and to make all interpretive and factual determinations as to whether any individual is entitled to receive any benefits under the terms of the insurance contract.")]

8.3 of the Plan, which provides in pertinent part as follows:

**8.3 Powers and Responsibilities of the Plan Administration Committee.**

**(a) Plan Administrator.** The Plan Administration Committee shall be responsible for the general administration of the Plan. As such, the Plan Administration Committee is the "Plan Administrator" of the Plan (as such term is used in ERISA). The Plan Administration Committee and its designated agents shall have the exclusive right and discretion to interpret the terms and conditions of the Plan and to decide and interpret all matters arising with respect to the Plan's administration and operation (including factual issues). . . .

**(b) Delegation of Duties.** For purposes of operation and administration of the Plan, the Plan Administration Committee may:

**(i)** appoint one or more other individuals, committees, or subcommittees whose members need not be members of the Plan Administration Committee or outside vendors, and determine their powers;

. . . .

**(v)** allocate its fiduciary responsibilities among the members of the Plan Administration Committee; and

**(vi)** appoint administrators or other persons or outside vendors and to delegate these duties to each administrator or person or vendors as the Plan Administration Committee deems appropriate.

**(c)** In addition to all implied powers and responsibilities necessary to carry out the objectives of the Plan and to comply with the requirements of ERISA, the Plan Administration Committee shall have the following specific powers and responsibilities, all of which may be exercised in its sole discretion or delegated to others as set forth in subsection (b) above:

. . . .

**(ii)** To determine the benefits of the Plan, except for the Insured Benefit Programs, to which any Participant, Beneficiary or other person may be entitled . . . .

[Doc. 6-1, pp. 25-26]

According to plaintiff, while section 8.3(c) allows the PAC to delegate the "specific powers

and responsibilities" enumerated in section 8.3(c), "the powers of such appointment would be limited by § 8.3(b) of the Plan." [Doc. 17-2, p. 8] Because section 8.3(b) "says nothing about allocating the right and discretion to interpret the terms and conditions of the Plan," plaintiff contends that power is "reserved by the Plan exclusively to the Committee." [Id.]

The Court disagrees. Section 8.3 addresses the powers and responsibilities of the *Plan Administrator* (i.e., the Plan Administration Committee ) - not the powers and responsibilities of the *Claims Fiduciary* (i.e., Prudential). "The plan's administrator, a trustee-like fiduciary, manages the plan, follows its terms in doing so, and provides participants with the summary documents that describe the plan (and modifications) in readily understandable form." *CIGNA Corp. v. Amara*, 563 U.S. 421, 437 (2011). In conformity therewith, section 8.3(a) states the Plan Administration Committee is "responsible for the general administration of the Plan." [Doc. 6-1, p. 25] Under this particular ERISA Plan, the Claims Fiduciary determines whether or not claims are payable in accordance with the terms of the Plan, as explicitly permitted under ERISA. *See* 29 U.S.C. § 1105(c) (allocation of fiduciary responsibilities). [Doc. 6-1, pp. 8-9]  Section 8.3(c) states the Plan Administration Committee may delegate its authority "[t]o determine the benefits of the Plan, *except for the Insured Benefit Programs*, to which any Participant, Beneficiary or other person may be entitled." [Doc. 6-1, p. 26] Thus, in those instances where the Plan Administrator also serves as the Claims Fiduciary, it may delegate its authority to determine benefits to another.[5] However, because the Plan Administration Committee never had authority to determine claims for insured benefit programs, it has no such power to delegate. Accordingly, the Court finds the language of Section

---

[5]For example, under this particular plan, the Plan Administration Committee serves as the Claims Fiduciary with respect to the Day Care Flexible Spending Account Benefit Program [Doc. 6-1, pp. 41-42], and the Health Care Flexible Spending Account Benefit Program [Id. at pp. 48-49].

8.3(c) reinforces that with regard to insured benefit programs such as the long term disability program, *only* the insurance company has the authority to determine whether claims are payable.

The Court finds in this matter the Plan specifically and clearly grants discretionary authority to Prudential to determine eligibility for benefits and construe the terms of the long term disability benefit plan. Accordingly, the decision of Prudential denying plaintiff's claim for long term disability benefits will be decided under the arbitrary and capricious standard of review. *Burell v. Prudential Ins. Co. of America*, 820 F.3d 132, 137 (5th Cir. 2016) (holding a plan containing identical language "expressly gives Prudential discretionary authority.")

### IV. Conclusion

For the reasons set forth above, the motion for summary judgment [Doc. 11] filed by Prudential is GRANTED, and the Court will review the decision of Prudential denying plaintiff's claim for long term disability benefits under the arbitrary and capricious standard of review.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 13th day of October, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE